### 29593. HUSSEY v. JOHNSON.

DECIDED DECEMBER 4, 1942.

*G. S. Peck,* for plaintiff in error. *Dotson & Dotson,* contra.

STEPHENS, P. J. Mrs. E. C. Johnson instituted suit against I. D. Hussey to recover $120 as rent alleged to be due her from April 15, 1941, to June 15, 1941, at the rate of $60 per month, for a theatre building and equipment belonging to the plaintiff located at 510 Decatur Street, Atlanta, Georgia, under an alleged written lease for a period of two years, between the plaintiff as lessor and the defendant as lessee, executed August 28, 1940. The defendant denied generally that he was indebted to the plaintiff and alleged specifically that he was not indebted in any amount for rent accruing after February 15, 1941, on the ground that on that date the defendant subleased the premises in question to Walter L.

Brandenburg, and that the plaintiff had elected to recognize Brandenburg as her tenant, and had thereby released the defendant from any liability under the contract after that date. The defendant further alleged that by reason of other provisions of the lease he was relieved from liability thereunder on failure to operate the theatre after February 15, 1941, and on his failure to pay rent after that date.

The judge, acting without a jury, found for the plaintiff the amount sued for.

It appeared from the evidence that Mrs. Johnson was the owner of the theatre building and that Hussey became her lessee thereof under a written lease, and was her tenant under that lease on February 15, 1941; that on February 15, 1941, Hussey transferred "the lease" by assignment to Brandenburg, and turned the property over to him and that Brandenburg assumed Hussey's obligations under the lease; that Hussey's rent was paid up to that time; that Hussey did not obtain from the plaintiff any written agreement authorizing him to sublease the premises; that he did not obtain this written agreement because of the plaintiff's statement to Mr. Eaton that she did not insist on that.

Mrs. Johnson testified that she had never verbally or in writing released Hussey from the lease, and had never verbally or in writing given him authority to sublease the property; that she got possession of the building by "taking out a warrant to get them out of there because of their failure to pay the rent under its terms;" that at the time of the institution of the dispossessory warrant two months' rent amounting to $120 was due; that Hussey had the operation and control of this property up to the time she dispossessed him; that she never interfered with his possession in any way as long as the rent was paid; and that he owed her $120. She stated elsewhere in her testimony that "the two months' rent sued for are from April 15 to May 15 and May 15 to June 15." As this is the only rental which the plaintiff claims is due her by Hussey, her testimony with respect to dispossessing "them" for nonpayment of rent and dispossessing Hussey from his possession which, as she testified, she did not interfere with as long as the rent was paid, must necessarily have reference to the only dispossessory warrant which, as it appears elsewhere in the evidence, was issued on June 12, 1941, against Brandenburg as the tenant, and which

510

was issued on the ground that "said tenant [Brandenburg] fails to pay the rent now due thereon; that said tenant is holding said house and premises over and beyond the term for which the same were rented or leased to him." The plaintiff testified that after Brandenburg went into possession, which was February 15, 1941, he first failed to pay rent on April 15; that he paid the rent up to that time, and that on June 12, 1941, she issued a warrant to dispossess Brandenburg. It conclusively appears from this that Brandenburg was Mrs. Johnson's tenant from April 15 until he was dispossessed under the warrant issued on June 12. Hussey therefore was not Mrs. Johnson's tenant during the period from April 15 to June 15, for which she sued Hussey for rent.

The verdict for the plaintiff against Hussey was without evidence to support it. The judge of the civil court of Fulton County erred in rendering judgment for the plaintiff and in overruling the defendant's motion for new trial. The appellate division of that court erred in affirming his judgment.

*Judgment reversed. Sutton and Felton, JJ., concur.*